

OFFICE OF THE ATTORNEY GENERAL · STATE OF TEXAS

JOHN CORNYN

July 26, 2000

The Honorable Glen Wilson
Parker County Attorney
One Courthouse Square
Weatherford, Texas 76086

Opinion No. JC-0260

Re: Whether section 232.0015(a) of the Local Government Code permits a county to except "specific divisions of land" from the subdivision-plat requirement in section 232.001, and related questions (RQ-0200-JC)

Dear Mr. Wilson:

Section 232.001 of the Local Government Code requires the owner of land located outside a municipality who divides the tract into two or more parts to prepare a plat of the subdivision. *See* TEX. LOC. GOV'T CODE ANN. § 232.001(a) (Vernon Supp. 2000). Section 232.0015, which lists exceptions to the plat requirement, authorizes a county to "define and classify" divisions of land "[t]o determine whether specific divisions of land" must be platted. *Id.* § 232.0015(a). The questions you ask require us to determine whether section 232.0015(a) authorizes a county to "define and classify" subdivisions in such a way as to except a specific division from section 232.001's platting requirement even if the division is not excepted under subsections (b) through (h) of section 232.0015. *See* Letter from Honorable Glen Wilson, Parker County Attorney, to Opinion Committee Division, Office of the Attorney General for the State of Texas (Mar. 1, 2000) (on file with Opinion Committee) [hereinafter "Request Letter"]. We conclude that it does. In response to your second, related question, we conclude that a plat, if it is required, is required regardless of whether the division "is made by using a metes and bounds description in a deed of conveyance . . . , by using a contract of sale or other executory contract to convey, or by using any other method." TEX. LOC. GOV'T CODE ANN. § 232.001(a-1) (Vernon Supp. 2000).

You also ask whether, if an owner or developer of "a piece of real property that is part of a previously approved subdivision, [which] was platted as a part of that subdivision as a 'phase,'" seeks to divide the property into two or more lots, a commissioners court must notify by certified or registered mail, return receipt requested, all existing property owners who own a lot within the platted subdivision even though their lots are within a "different phase" of the subdivision. *See* Request Letter, *supra*, at 2; *see also* TEX. LOC. GOV'T CODE ANN. § 232.009(c), (f) (Vernon Supp. 2000). Assuming that the real property about which you ask is subject to section 232.009, *see id.* §§ 212.004(a), 232.009(a), 242.001(b) (Vernon 1999 & Supp. 2000), we conclude that a county must notify by certified or registered mail, return receipt requested, each property owner who owns a tract anywhere within the subdivision, as the subdivision is defined by the filed plat. *But see id.* §§

232.001, .010 (requiring plat of division of real property and authorizing county to "allow conveyance of portions of one or more previously platted lots by metes and bounds description without revising the plat").

Chapter 232 of the Local Government Code pertains to county regulation of subdivisions. *See id.* §§ 232.001 - .097. The provisions about which you ask are in subchapter A, "Subdivision Platting Requirements in General." *See id.* §§ 232.001 - .010. Subchapter B, which pertains to counties near an international border, obviously does not apply to Parker County, and we presume that subchapter C, pertaining to economically distressed counties, also does not apply. *See id.* subchs. B, C, §§ 232.021 - .080; *id.* § 232.071 (Vernon Supp. 2000) (defining applicability of subchapter C).

Section 232.001 requires the owner of land outside a municipality to have a plat prepared if the landowner subdivides the tract:

> (a) The owner of a tract of land located outside the limits of a municipality must have a plat of the subdivision prepared if the owner divides the tract into two or more parts to lay out:
>
> (1) a subdivision of the tract, including an addition;
>
> (2) lots; or
>
> (3) streets, alleys, squares, parks, or other parts of the tract intended to be dedicated to public use or for the use of purchasers or owners of lots fronting on or adjacent to the streets, alleys, squares, parks, or other parts.
>
> (a-1)  A division of a tract under Subsection (a) includes a division regardless of whether it is made by using a metes and bounds description in a deed of conveyance or in a contract for a deed, by using a contract of sale or other executory contract to convey, or by using any other method.

*Id.* § 232.001(a), (a-1); *cf. id.* § 212.004(a) (Vernon 1999) (plat requirement for owner of land located "within the limits or in the extraterritorial jurisdiction of a municipality"); *id.* § 242.001 (Vernon Supp. 2000) (regulation of subdivisions within municipality's extraterritorial jurisdiction by both county and municipality). Subchapter A does not define the term "plat" or "subdivision." In this context, a "plat" is "[a] map describing a piece of land and its features, such as boundaries, lots, roads, and easements." BLACK'S LAW DICTIONARY 1171 (7th ed. 1999); *see also* TEX. LOC. GOV'T CODE ANN. § 232.001(b) (Vernon Supp. 2000) (listing requirements of plat for recording);

*cf. id.* § 232.021(8) (defining "plat" for purposes of chapter 232, subchapter B as "a map, chart, survey, plan, or replat" describing "the subdivided land with ties to permanent landmarks or monuments"). A "subdivision" in this context is "the division [of land] into smaller parts." BLACK'S LAW DICTIONARY 1437 (7th ed. 1999); *cf.* TEX. LOC. GOV'T CODE ANN. § 232.021(13) (Vernon Supp. 2000) (defining "subdivision," for purposes of chapter 232, subchapter B, as "area of land that has been subdivided into lots for sale or lease").

The plat prepared under section 232.001 must be submitted to the county commissioners court for its review and approval. *See id.* § 232.002(a) (Vernon 1999). The commissioners court may refuse to approve the plat if it does not comply with requirements prescribed by or under chapter 232. *See id.* For example, the county may require rights-of-way on certain streets, *see id.* § 232.003(1), (2) (Vernon Supp. 2000); adopt specifications relating to road construction and road drainage, *see id.* § 232.003(4), (5); *see also id.* § 232.0031, as adopted by Act of May 5, 1999, 76th Leg., R.S., ch. 129, § 5, 1999 Tex. Gen. Laws 574, 577 (prohibiting county from adopting road construction standards higher than those imposed upon county itself); and require certification that adequate groundwater is available for the subdivision, *see id.* § 232.0031, as adopted by Act of May 25, 1999, 76th Leg., R.S., ch. 460, § 2, 1999 Tex. Gen. Laws 2882. The commissioners court also may require the owner of a tract who wishes to divide the tract to execute a bond. *See id.* § 232.004.

Section 232.0015 lays out exceptions to section 232.001's plat requirement. Subsection (a), which authorizes a county to "define and classify" subdivisions, is particularly important to your request, *see* Request Letter, *supra*, at 2:

> To determine whether specific divisions of land are required
> to be platted, a county may define and classify the divisions. A
> county need not require platting for every division of land otherwise
> within the scope of this subchapter.

TEX. LOC. GOV'T CODE ANN. § 232.0015(a) (Vernon Supp. 2000); *cf. id.* § 212.0045 (Vernon 1999) (permitting municipality to define and classify subdivisions "[t]o determine whether specific divisions of land are required to be platted"). Two subsequent subsections explicitly exempt certain types of subdivisions from the requirements of subchapter A: First, subsection (b) makes clear that subchapter A does not apply to a subdivision subject to subchapter B. *See id.* § 232.0015(b) (Vernon Supp. 2000). Second, subsection (h) excepts from subchapter A the subdivision of state-owned land "unless the subdivision lays out [streets, alleys, squares, parks, or other areas intended to be dedicated to public use or to the use of the owners of adjacent lots, as] described by Section 232.001(a)(3)." *Id.* § 232.0015(h).

The remaining subsections of section 232.0015, (c) through (g) and (i) through (k), list various circumstances in which a county "may not" require the owner of a tract of land located outside the limits of a municipality to prepare a plat of a proposed subdivision. For example, a county "may not" require a landowner to have a plat of the subdivision prepared if the owner does

not lay out streets, alleys, squares, parks, or other areas intended to be dedicated to the public's or adjacent landowners' use, as described by section 232.001(a)(3), and if the land is used primarily for agricultural use. *See id.* § 232.0015(c). *But see id.* § 232.0015(d) (providing that platting requirements attach if tract described by subsection (c) ceases to be used primarily for agricultural use, or for farm, ranch, wildlife management, or timber production). Similarly, a county "may not" require a landowner to prepare a plat of a subdivision if the landowner divides the tract into no more than four parts; does not lay out streets, alleys, squares, parks, or other areas intended to be dedicated to public use or the use of adjacent landowners, as described by section 232.001(a)(3); and transfers each lot to a close relative. *See id.* § 232.0015(e). And, significant to your request, a county "may not" require a landowner to prepare a plat if each lot in the subdivision is more than ten acres in area and the owner does not lay out streets, alleys, squares, parks, or other areas intended to be dedicated to public use or to the use of the owners of adjacent lots, as described by section 232.001(a)(3). *See id.* § 232.0015(f); *see also id.* § 232.0015(g), (i) - (k) (excepting lots sold to veterans; land located in floodplain that political subdivision of state sells to adjoining landowners; tracts divided into only two parts, one part of which owner will retain and other of which will be transferred to new owner who will subdivide tract in accordance with statutory requirements; and lots transferred to person who owned undivided interest in original tract, who files plat before further developing tract).

You ask first whether the owner of a tract of land located outside the limits of a municipality must have a plat of the subdivision prepared under section 232.001(a) of the Local Government Code if the county has, under section 232.0015(a), defined and classified the specific subdivision as one that need not be platted. Although you have advised the Parker County Commissioners Court that an owner of land located outside a municipality must have a plat of the subdivision prepared if the subdivision falls under section 232.001 of the Local Government Code, you inform us that certain commissioners "continue to advise the public that anyone in Parker County . . . who owns a tract of land adjacent to a public roadway may . . . divide [the] tract into two or more parts without . . . filing a plat . . . as long as each new lot is at least one . . . acre in size." Brief accompanying Request Letter, *supra*, at 2.

You state that the commissioners believe the advice they are giving comports with the "Subdivision Regulations and Construction Standards for Parker County, Texas," which, you indicate, allow "for a division of land to take place without a plat[] being filed if (1) the land to be divided is adjacent to a public roadway; (2) any lot created by the division is at least one . . . acre in size; and[] (3) there are no streets to be constructed or otherwise laid out as a part of such a division of land." *Id.* at 6. You have included with your request a copy of the Parker County regulations. Section 3.01 of the Parker County regulations dictates when a plat is required:

> Every owner of any tract of land located outside the corporate limits of any city in Parker County . . . who makes a division of property into two or more parts must file a plat whenever a portion of the property to be divided will be used in common by the purchasers of the lots or whenever a portion of the property to be divided will be dedicated to the public use.

More specifically, the owner of a tract of land located outside the limits of a municipality who divides the tract into two or more parts to lay out a subdivision of the tract, including an addition, or to lay out suburban lots or building lots, and to lay out streets, alleys, squares, parks, or other parts of the tract intended to be dedicated to public use or for the use of purchasers or owners of lots fronting on or adjacent to the streets, alleys, squares, parks, or other parts must have a plat of the subdivision prepared. A division of a tract under this subsection includes a division regardless of whether it is made by using a metes and bounds description in a deed of conveyance or in a contract for a deed, by using a contract of sale or other executory contract to convey, or by using any other method.

Subdivision Rules, Parker County, Texas, art. III, § 3.01 (accompanying Request Letter). You do not cite an express exemption in the Parker County regulations you have submitted for land adjacent to a public roadway. Nor do you cite an express exemption for lots over one acre in size. Indeed, section 3.03(t) of the Parker County Subdivision Rules appears to require that all lots must be at least one acre in size. *But see id.* art. VII, § 7.02 ("All subdivision lots that are unsewered shall contain a minimum of 1 acre . . . ."). Despite these reservations, we assume, for the purposes of this opinion, that your description of the Parker County Subdivision Rules is correct.

We consider initially whether your advice to the commissioners court, that the owner of real property outside the corporate limits of a municipality must file a plat if the landowner's proposed subdivision falls under section 232.001, regardless of any county rules defining or classifying the particular subdivision as one that need not be platted, is correct. You contend that section 232.0015, as a whole, authorizes a county to adopt rules under subsection (a) exempting subdivisions from the plat requirement for the reasons listed in subsections (c), (e), (f), (g), (i), (j), and (k), all of which provide that a county "may not" require a plat in certain circumstances. *See* Brief accompanying Request Letter, *supra*, at 5. Subsection (a), in your view, does not authorize a county commissioners court to adopt exemptions other than those listed in section 232.0015(c), (e), (f), (g), (i), (j), and (k).

Your reading of section 232.0015 attaches great significance to the phrase "may not" used in subsections (c), (e), (f), (g), (i), (j), and (k). "[W]ith the exception of [sub]section (h)," you state, "each of the other 'laundry list' sections under [section] 232.0015 utilize the language 'may not' as opposed to the language 'shall not' found in [sub]section (h) . . . . [Thus,] the legislative intent was to provide each county . . . the authority [but not the requirement] under [section] 232.0015 to utilize these specific exemptions enumerated as" subsections (c), (e), (f), (g), (i), (j), and (k). *Id.* at 5-6.

Because the phrase "may not" in section 232.0015 means "shall not," we conclude that a county must except the types of subdivisions listed in sections (c), (e), (f), (g), (i), (j), and (k) (in addition to subsections (b) and (h)) from section 232.001's platting requirement. Unless the context in which the phrase "may not" appears "necessarily requires a different construction or unless" a statute expressly provides a different construction, the phrase "imposes a prohibition and is

synonymous with 'shall not.'" TEX. GOV'T CODE ANN. § 311.016(5) (Vernon 1998). Chapter 232 does not expressly provide a contrary definition. Nor does section 232.0015 "necessarily" require a contrary construction of the phrase. Thus, even if a county does not by rule except the types of subdivisions listed in subsections (c), (e), (f), (g), (i), (j), and (k), it may not require the owner of such subdivisions to file a plat.

Given our construction of the phrase "may not," subsection (a) must authorize a county to "define and classify divisions" to except from the platting requirement particular subdivisions that, because they are not excepted under subsections (b) through (k), would otherwise be subject to the platting requirement. Any other construction would render subsection (a) meaningless, and we are reluctant to adopt such a construction. *See City of Deer Park v. State ex rel. Shell Oil Co.*, 259 S.W.2d 284, 287 (Tex. Civ. App.–Waco 1953) ("No statute should be given a construction that would render it futile, meaningless or useless."), *aff'd*, 275 S.W.2d 77 (Tex. 1954); Tex. Att'y Gen. Op. Nos. JC-0157 (1999) at 3 (adopting construction that does not render statute meaningless); JM-5 (1983) at 6 (stating that statutes should not be construed so as to render portion of statute meaningless). "A county need not require platting for every division of land" that is otherwise subject to the platting requirement. TEX. LOC. GOV'T CODE ANN. § 232.0015(a) (Vernon Supp. 2000).

You next ask whether, in those cases in which section 232.001(a) requires a plat (and, we presume, that are not exempted under any provision of section 232.0015), the plat must be prepared and filed regardless of the method by which the division is made. The answer is plainly yes. Section 232.001(a-1) requires a plat for any division that is subject to subsection (a), "regardless of whether it is made by using a metes and bounds description in a deed of conveyance or in a contract for a deed, by using a contract of sale or other executory contract to convey, or by using any other method." *Id.* § 232.001(a-1). *But see id.* § 232.010 (Vernon 1999) ("A commissioners court . . . may allow conveyance of portions of one or more previously platted lots by metes and bounds description without revising the plat.").

Your final question requires us to construe section 232.009 of the Local Government Code:

> In a circumstance where an owner/developer of a piece of real property that is part of a previously approved subdivision, and said piece of real property was platted as a part of that subdivision as a "phase," seeks to divide said piece of real property into two . . . or more lots, would the Parker County Commissioners[] Court (as well as any other commissioners[] court that is subject to § 232.009 of the Texas Local Government Code) be required to provide notice of the aforementioned pending division of said piece of real property to all existing property owners who presently own[] a lot within the platted subdivision, but within a different "phase" of the platted subdivision, by certified mail return receipt requested, at each property owner's address in the subdivided tract?

Request Letter, *supra*, at 2. Your question presumes that the division is subject to section 232.009 of the Local Government Code, so we do not consider whether a tract that has already been platted may be divided in any way other than the plat-revision process described in that section. *See, e.g.,* TEX. LOC. GOV'T CODE ANN. §§ 232.001, .010 (Vernon 1999 & Supp. 2000) (requiring plat of division of real property and authorizing county to "allow conveyance of portions of one or more previously platted lots by metes and bounds description without revising the plat").

Section 232.009 of the Local Government Code pertains to the revision of an existing plat. *See id.* § 232.009 (Vernon Supp. 2000). Under subsection (b), "[a] person who has subdivided land that is subject to the subdivision controls of the county in which the land is located" may apply to the county commissioners court "for permission to revise the subdivision plat filed for record with the county clerk." *Id.* § 232.009(b). The commissioners court must publish notice of the application in a newspaper of general circulation in the county. *See id.* § 232.009(c). The county also must provide special notice to nondevelopers who own tracts in the subdivision:

> (c) . . . . Except as provided by Subsection (f), if all or part of the subdivided tract has been sold to nondeveloper owners, the court shall also give notice to each of those owners by certified or registered mail, return receipt requested, at the owner's address in the subdivided tract.
>
> . . . .
>
> (f) The commissioners court is not required to give notice by mail under Subsection (c) if the plat revision only combines existing tracts.

*Id.* § 232.009(c), (f). The court must approve the plat revision if "(1) the revision will not interfere with the established rights of any owner of a part of the subdivided land; or (2) each owner whose rights may be interfered with has agreed to the revision." *Id.* § 232.009(d).

A person may seek to revise a plat under section 232.009 only if the subdivision is located outside the corporate limits of a municipality and, in some cases, outside the limits of an extraterritorial jurisdiction of a municipality. *See id.* § 232.009(a). Section 232.009(a), which you do not mention in your brief, *see* Brief accompanying Request Letter, *supra*, at 7-8, limits a county's jurisdiction:

> This section applies only to real property located outside municipalities and the extraterritorial jurisdiction of municipalities with a population of 1.5 million or more, as determined under Chapter 42 [Extraterritorial Jurisdiction of Municipalities].

TEX. LOC. GOV'T CODE ANN. § 232.009(a) (Vernon Supp. 2000). *But see also id.* § 212.003(a) (Vernon 1999) (authorizing municipality's governing body to extend application of its platting and

subdivision rules to its extraterritorial jurisdiction); *id*.§ 242.001 (Vernon Supp. 2000) (providing for extraterritorial jurisdictions in which both municipality and county regulate subdivision platting). Thus, a person may apply to the county for a plat revision only if the subdivision is located outside the corporate limits of a municipality and is not within the extraterritorial jurisdiction of a municipality with a population of 1.5 million or more.

Assuming that you ask about subdivisions outside the corporate limits of a municipality and that the proposed plat revisions do not "only combine[] existing tracts," *see id.* § 232.009(f), we conclude that the commissioners court must notify, by certified or registered mail, return receipt requested, each owner of all or part of the subdivided tract. *See id.* § 232.009(c), (d). Subsection (c) facially requires the commissioners court to notify each nondeveloper owner of a tract in the subdivision about the revision application by certified or registered mail. Moreover, the purpose of the special notice is to permit each owner of "all or part of the subdivided tract" to inform the county commissioners court of established rights with which the revision will interfere. *See id.* § 232.009(d). Neither subsection (c) nor subsection (e) distinguishes between owners of land in various phases of a particular subdivision. By contrast, section 232.008 of the Local Government Code explicitly recognizes the existence of a "phase or identifiable part of a subdivision." *Id.* § 232.008(e) (Vernon Supp. 2000). Also by contrast, section 212.015 of the Local Government Code, which pertains to replats of land within the corporate boundaries of a municipality or its extraterritorial jurisdiction, requires special written notice of the proposed replat to "owners of lots that are in the original subdivision and that are within 200 feet of the lots to be replatted." *Id.* § 212.015(b)(2) (Vernon 1999). Obviously, if the legislature wished to narrow the category of landowners who are entitled to receive special written notice of a proposed replat of a subdivision subject to county jurisdiction, it knew how to do so.

The boundaries of a particular subdivision will be set forth in the recorded plat. A recorded plat:

    (1) describe[s] the subdivision by metes and bounds;

    (2) locate[s] the subdivision with respect to an original corner of the original survey of which it is a part; and

    (3) state[s] the dimensions of the subdivision and of each lot, street, alley, square, park, or other part of the tract intended to be dedicated to public use or for the use of purchasers or owners of lots fronting on or adjacent to the street, alley, square, park, or other part.

TEX. LOC. GOV'T CODE ANN. § 232.001(b) (Vernon Supp. 2000). Whether a particular tract is within the boundaries of a subdivision described in a recorded plat is a question of fact.

**S U M M A R Y**

Section 232.0015(a) of the Local Government Code authorizes a county to "define and classify divisions" to except from the platting requirement particular subdivisions that would otherwise be subject to the requirement, even though the exception is not one listed in section 232.0015(b) through (k). *See* TEX. LOC. GOV'T CODE ANN. § 232.0015 (Vernon Supp. 2000). A division of real property that is required to be platted under sections 232.001 and 232.0015 must be platted "regardless of whether [the division] is made by using a metes and bounds description in a deed of conveyance or in a contract for a deed, by using a contract of sale or other executory contract to convey, or by using any other method." *Id.* § 232.001(a-1).

Section 232.009 of the Local Government Code, "Revision of Plat," applies to real property located outside the corporate limits of any municipality, but not within the extraterritorial jurisdiction of a municipality with a population of 1.5 million or more. *See id.* § 232.009. With respect to a proposed revision of a plat of a subdivision that is subject to section 232.009, a commissioners court must notify, by certified or registered mail, return receipt requested, each owner of "all or part" of the subdivided tract. *See id.* The boundaries of a particular subdivision will be set forth in the recorded plat.

Yours very truly,

JOHN CORNYN
Attorney General of Texas

ANDY TAYLOR
First Assistant Attorney General

CLARK KENT ERVIN
Deputy Attorney General - General Counsel

ELIZABETH ROBINSON
Chair, Opinion Committee

Kymberly K. Oltrogge
Assistant Attorney General - Opinion Committee